Beth Creighton, OSB #972440
E-mail: Beth@civilrightspdx.com
CREIGHTON & ROSE, PC
735 SW First Ave., Ste. 300
Portland, Oregon 97204
Phone: (503) 221-1792
Fax: (503) 223-1516

Of Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| **MICHAEL AUSTIN RELLOQUE, IV**, | Case No. 3:22-cv-01781 |
| Plaintiff, | |
| vs. | **COMPLAINT** |
| **CITY OF WEST LINN, MATTHEW GOODE, DANA GUNNARSON, TODD GRADWAHL,** | (42 USC 1983; Fourteenth Amendment - Equal Protection Clause, Intentional Infliction of Emotional Distress, Negligence) |
| Defendant. | **JURY TRIAL REQUESTED** |

### I. INTRODUCTION

1. Plaintiff Michael Austin Relloque IV brings this action against Defendants City of West Linn, Matthew Goode, Dana Gunnarson and Todd Gradwahl pursuant to 42 U.S.C. § 1983, for violation of his rights under the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution and for pendant state law claims for intentional infliction of emotional distress and negligence. Plaintiff seeks declaratory relief, equitable relief, damages,

PAGE 1 – COMPLAINT

CREIGHTON & ROSE, PC  ATTORNEYS AT LAW
735 SW First Ave., #300
Portland, OR 97204
T. (503) 221-1792
F. (503) 223-1516
beth@civilrightspdx.com

attorneys' fees and litigation expenses/costs, including expert witness fees and expenses.

## II. JURISDICTION

2.  This court has jurisdiction by virtue of 28 USC § 1331, 28 USC § 1343 and 28 USC § 1367. Venue is proper in this district pursuant to 28 USC §§ 1391(b). Defendants were at all time material, residents of Oregon, and the events underlying this Complaint took place in Clackamas County, making venue proper in the District of Oregon, Portland Division.

## III. PARTIES

3.  Plaintiff Michael Austin Relloque (hereafter "Relloque"), at all times material herein was a resident of the City of West Linn, a graduate of Pacific University majoring in film and philosophy and a former college football player.

4.  Defendant City of West Linn (hereafter "West Linn"), at all relevant times hereto is a municipal corporation located in Clackamas County, Oregon and responsible under state law for the acts and omissions of its law enforcement officers, agents, and other employees, including those whose conduct is at issue herein.

5.  Defendant Matthew Goode (hereafter "Goode"), is an officer with the West Linn Police Department and former firefighter EMT acting under color of state law. Goode is sued in his individual and official capacities.

6.  Defendant Dana Gunnarson (hereafter "Gunnarson"), is an officer with the West Linn Police Department acting under color of state law. Gunnarson is sued in her individual and official capacities.

7.  Defendant Todd Gradwahl (hereafter "Gradwahl"), at all times relevant hereto was a Sergeant for the West Linn Police Department acting under color of state law. Gradwahl is

PAGE 2 – COMPLAINT

CREIGHTON
& ROSE, PC
ATTORNEYS
AT LAW
735 SW First Ave., #300
Portland, OR 97204
T. (503) 221-1792
F. (503) 223-1516
beth@civilrightspdx.com

sued in his individual and official capacities.

### IV. FACTS

8. A few minutes after Midnight on November 14, 2020, the City of West Linn Police Department received a dispatch from emergency services reporting a 911 call from Relloque's roommate reporting that he was acting erratic, had blood or a burn on his arm, ash or dirt on his body and he smelled like burnt skin. She reported that Relloque had kicked in her locked door, entered her room naked, advanced toward her, and climbed in her bed. She reported that she armed herself with scissors, yelled at him to leave and he did.

9. Goode, Gunnarson and Gradwahl (hereafter collectively "the officers") were dispatched to 19856 White Cloud Circle to what they characterized as a "Behavioral Health incident."

10. American Medical Response (hereafter "AMR") and Tualatin Valley Fire & Rescue (hereafter "TVF&R") were also dispatched to the scene and staged down the street awaiting for the officers to make contact with Relloque at 12:23 AM.

11. Upon arriving at the scene, Relloque's roommate met the officers in the driveway and relayed that Relloque was standing naked, screaming "I AM A GOD!" from the top of the stairs with what appeared to be ash or dirt on his chest, she could smell burnt skin and that he may have a burn or blood on his arm.

12. Relloque's roommate stated that she closed the door to her room and Relloque came down the stairs and kicked it in, where upon she grabbed scissors and told Relloque to snap out of it.

13. According to the roommate, Relloque responded "I will, I will" and then got in

CREIGHTON
& ROSE, PC   ATTORNEYS AT LAW
735 SW First Ave., #300
Portland, OR 97204
T. (503) 221-1792
F. (503) 223-1516
beth@civilrightspdx.com

PAGE 3 – COMPLAINT

her bed before leaving and going upstairs.

14. The officers suspected Relloque was hallucinating on mushrooms and were concerned that he may have an injury to his arm.

15. Goode ran a search on Relloque's name and car in their law enforcement databases and found Relloque's California drivers' license and registration information. The law enforcement databases identified Relloque's race.  Relloque's photograph on his driver's license portrays him as a light brown-skinned man with an outward appearance of a Pacific Islander.

16. Instead of entering the residence and offering assistance to Relloque, who they believed was injured and having a behavioral health incident, they called Relloque on his cell phone.  Relloque did not answer.

17. The officers checked the front and back yards and looked in the windows on the ground floor.  They looked inside the open sliding door in the basement, where they did, or should have been able to, smell the burnt flesh that Relloque's roommate had reported.

18. When Relloque did not respond to their attempts at contact, Gradwahl contacted Captain Oddis Rollins (hereafter "Rollins") misrepresenting to him that there had been no crime committed.[1]  He also indicated that Relloque's roommate had another place to stay and that he believed Relloque was high on mushrooms.

19. Gradwahl deliberately chose not to tell Rollins that Relloque was reportedly bloodied or burnt and that the smell of burning flesh permeated the residence.

20. Gradwahl indicated to Rollins that he did not believe that it was in the best

---

[1] The incident as alleged by Relloque's roommate triggers a mandatory arrest under ORS 133.055(2).

CREIGHTON & ROSE, PC
ATTORNEYS AT LAW
735 SW First Ave., #300
Portland, OR 97204
T. (503) 221-1792
F. (503) 223-1516
beth@civilrightspdx.com

PAGE 4 – COMPLAINT

governmental interest to enter the location to make contact with Relloque. Based on the information Gradwahl provided, Rollins agreed.

21. Gradwahl and the other officers told Relloque's roommate to not go back inside the residence and stay with her boyfriend.

22. Gradwahl also told Relloque's roommate that the officers did not want to enter the location and possibly create a use of force situation with someone that was high on mushrooms.

23. At no point did the officers ask Relloque's roommate if they had permission to enter the residence to assist Relloque.

24. Approximate 53 minutes after arriving at the scene, the officers told AMR and TVR&R medical to depart from the scene.

25. The officers then abandoned Relloque at the residence at approximately 1:25 AM.

26. The officers acted with deliberate indifference to Relloque's personal security and welfare in leaving the scene without assisting him knowing he was bleeding and burnt, preventing his roommate from assisting him and sending away the medical professionals who could have assisted him.

27. At approximately 2:23 AM, Gunnarson attempted to make phone contact with Relloque, but was unsuccessful.

28. At approximately 4:00 AM on November 14, 2020, Gradwahl drove by the residence and saw Relloque's car in the driveway and did not see any movement in the house.

29. Gradwahl did not approach the house or try to make contact.

30. At approximately 6:30 AM, Marion County Sheriff Dalton was dispatched to the

CREIGHTON & ROSE, PC | ATTORNEYS AT LAW
735 SW First Ave., #300
Portland, OR 97204
T. (503) 221-1792
F. (503) 223-1516
beth@civilrightspdx.com

PAGE 5 – COMPLAINT

Turnaround Café in Turner, OR, where they found Relloque disoriented, and severely burnt over 30% of his body with several fingers missing.  Relloque was transported to Legacy Emmanuel's burn center.

31. At approximately 7:12 AM, Relloque's roommate returned home and found a large amount of Relloque's hair in the bathroom, along with burnt human flesh and one of Relloque's fingers in the toilet attached to skin and a fingernail.

32. As a result of the events the morning of November 14, 2020, Relloque was burned over 30% of his body, lost several fingers, endured several painful skin grafts and 10 surgeries, was in ICU for 6 weeks and hospitalized for a total of 3 months.

33. Therafter, Relloque endured physical pain, extensive rehabilitation and mental pain and suffering.  Relloque's life has been permanently altered as a result of the events described herein.

34. Plaintiff is still investigating the events of November 14, 2020, and the surrounding circumstances that led to Defendants' actions.  Additional claims may be brought based on discovery of additional evidence.

## V. CLAIMS FOR RELIEF

### FIRST CLAIM FOR RELIEF
### 42 USC §1983
### Fourteenth Amendment

35. Plaintiff restates and realleges all paragraphs 1 through 34 of this Complaint.

36. Relloque has a right under the 14th Amendment to a liberty interest in his own personal security.

37. Defendant Officers were acting under color of State Law on November 14, 2020,

CREIGHTON & ROSE, PC   ATTORNEYS AT LAW
735 SW First Ave., #300
Portland, OR 97204
T. (503) 221-1792
F. (503) 223-1516
beth@civilrightspdx.com

PAGE 6 – COMPLAINT

when they engaged in the conduct alleged above.

38. By their actions alleged above, Defendant Officers affirmatively put Relloque in a position of danger and increased the risk of harm to him.

39. The danger to which the officers exposed Relloque was known or obvious to them. The officers knew that Relloque was bloody and burn and was experiencing a behavioral health incident that required medical attention and they were wilfully blind to his obvious medical needs and refused to address the serious risk to Relloque.

40. Defendant Officer's actions violated Relloque's rights guaranteed by the Equal Protection Clause of the Fourteenth Amendment.

41. The Defendant Officers unlawful acts as described herein were the proximate cause of Relloque's injuries. Relloque is entitled to compensation from Defendant Officers for his physical and emotional injuries.

42. Relloque is entitled to reimbursement of his reasonable attorneys' fees and costs pursuant to 42 USC § 1988 and 28 USC §1927.

43. Relloque is entitled to an award of punitive damages from Defendant Officers to punish and deter them and others from similar conduct in the future.

**SECOND CLAIM FOR RELIEF**
**42 USC §1983**
**Fourteenth Amendment**
**Equal Protection**

44. Plaintiff restates and realleges all paragraphs 1 through 34 of this Complaint.

45. Defendant Officers selectively and discriminatorily chose to not render assistance and abandon Relloque, bloodied and burnt during a mental health crisis, based on his race in

PAGE 7 – COMPLAINT

CREIGHTON
& ROSE, PC    ATTORNEYS
                AT LAW
735 SW First Ave., #300
Portland, OR 97204
T. (503) 221-1792
F. (503) 223-1516
beth@civilrightspdx.com

violation of the Fourteenth Amendment of the United States Constitution, protected by 42 USC §1983.

46. Defendant Officer's actions violated Relloque's rights guaranteed by the Equal Protection Clause of the Fourteenth Amendment.

47. The Defendant Officers unlawful acts, as described herein, were the proximate cause of Relloque's injuries. Relloque is entitled to compensation from Defendant Officers for his physical and emotional injuries.

48. Relloque is entitled to reimbursement of his reasonable attorneys' fees and costs pursuant to 42 USC § 1988 and 28 USC §1927.

49. Relloque is entitled to an award of punitive damages from Defendant Officers to punish and deter them and others from similar conduct in the future.

### THIRD CLAIM FOR RELIEF
### Negligence

50. Plaintiff restates and realleges all paragraphs 1 through 34 of this Complaint.

51. Relloque gave West Linn timely written notice of his state law claims and has satisfied the notice requirements of the Oregon Tort Claims Act.

52. Defendants' actions as alleged above violated the standard of care required of law enforcement under the circumstances.

53. Defendants, having undertaken a welfare check and learning of injury to Relloque failed to conduct a reasonable investigation and assess the extent of his injury or his danger to himself or others.

54. Defendants' actions created an unreasonable and foreseeable risk of injury to

CREIGHTON & ROSE, PC
ATTORNEYS AT LAW
735 SW First Ave., #300
Portland, OR 97204
T. (503) 221-1792
F. (503) 223-1516
beth@civilrightspdx.com

Relloque.

55. As a result of the conduct alleged above, Relloque suffered injuries as described above.

56. As a result of the above, Relloque is entitled to an award of economic and non economic damages against Defendants, in amounts to be determined at trial.

57. To the extent that Relloque's damages exceed Oregon's Tort Claim limits, he is entitled to compensation from the individual Defendant Officers.

58. Relloque should be awarded his costs, including expert fees against defendants.

## FOURTH CLAIM FOR RELIEF
### Intentional Infliction of Emotional Distress

59. Plaintiff restates and realleges all paragraphs 1 through 34 and 50 of this Complaint.

60. A special government officer-citizen relationship exists between Relloque and Defendants.

61. Defendants' conduct as described above was outrageous and extreme and constituted an extraordinary transgression of the bounds of socially tolerable conduct.

62. Defendants acted intentionally and/or knew with substantial certainty that their conduct would cause Relloque to suffer severe emotional distress.

63. As a result of Defendants' outrageous conduct, Relloque has suffered severe emotional distress for which he seeks non-economic damages in a fair and just amount to be determined by a jury.

64. To the extent that Relloque's damages exceed Oregon's Tort Claim limits, he is

PAGE 9 – COMPLAINT

CREIGHTON
& ROSE, PC   ATTORNEYS
              AT LAW
735 SW First Ave., #300
Portland, OR 97204
T. (503) 221-1792
F. (503) 223-1516
beth@civilrightspdx.com

entitled to compensation from the individual Defendant Officers.

  65. Relloque should be awarded his costs, including expert fees against defendants.

WHEREFORE, Plaintiff prays for his costs and disbursements incurred herein and for the following in accordance with the proof at trial:

  1. Economic damages;

  2. Non-economic damages;

  3. Reasonable attorneys' fees, expert fees and costs;

  4. Punitive damages;

  5. Prejudgment and post judgment interest as appropriate and allowed by law;

  6. Any and all other relief as this court may deem proper.

DATED this 14th day of November, 2022  CREIGHTON & ROSE, PC

                *s/Beth Creighton*
                BETH CREIGHTON, OSB #972440
                beth@civilrightspdx.com
                Attorney for Plaintiff
                735 SW First Ave, Suite 300
                Portland, Oregon 97204

**JURY TRIAL REQUESTED**       Tel: 503.221.1792

CREIGHTON & ROSE, PC  ATTORNEYS AT LAW
735 SW First Ave., #300
Portland, OR 97204
T. (503) 221-1792
F. (503) 223-1516
beth@civilrightspdx.com