**David C. Lewis**, OSB No. 953348
E-mail: dlewis@cisoregon.org
**Lauren E. Nweze**, OSB No. 145218
E-mail: lnweze@cisoregon.org
**William E. Stabler**, OSB No. 124624
E-mail: wstabler@cisoregon.org
**LEWIS, NWEZE & STABLER**
15875 Boones Ferry Rd., #1469
Lake Oswego, OR 97035
Telephone: (503)763-3800
Facsimile: (503) 763-3900

Of Attorneys for Defendants

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| **MICHAEL AUSTIN RELLOQUE, IV**, <br><br>    Plaintiff, <br><br>    v. <br><br> **CITY OF WEST LINN, MATTHEW GOODE, DANA GUNNARSON, TODD GRADWAHL**, <br><br>    Defendants. | No. 3:22-cv-01781-SI <br><br> **DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT** <br><br> **Demand for Jury Trial** |

In answer to Plaintiff's Complaint, Defendants City of West Linn, Matthew Goode, Dana Gunnarson and Todd Gradwahl ("Defendants") deny each and every allegation of Plaintiff's Complaint, except as admitted in this Answer.

1.

Defendants admit jurisdiction and venue are proper based on the facts alleged in the Complaint and that, so long as the federal claims remain, this court has supplemental jurisdiction.

/ / /

Page 1 -  DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT

LEWIS, NWEZE & STABLER
Not a Partnership
Employed by the Legal Division of CIS
15875 Boones Ferry Rd., #1469
Lake Oswego, OR 97035
Telephone: (503) 763-3875

2.

Defendants admit the City of West Linn is a city government organized and existing under the laws of the State of Oregon, and that Matthew Goode, Dana Gunnarson, and Todd Gradwahl were acting within the course and scope of their employment at the time the alleged events described in the Complaint occurred.

3.

Defendants admit that shortly after midnight on November 14, 2020, West Linn Police Department received information from dispatch regarding an incident which was coded as a "behavioral health incident" by dispatchers. Defendants admit that dispatch also requested "medical" be on scene and that at some point, Tualatin Valley Fire & Rescue responded and staged some distance from the scene.

4.

Defendants admit that Officers Goode and Gunnarson, along with Sergeant Gradwahl responded to this dispatch report and responded to a residence at 19856 White Cloud Circle within eight minutes of the call coming in. It was later learned the residence was rented by Michael Relloque IV ("Relloque) and two other individuals, including the individual who called 911, Melissa Birdwell ("Birdwell").

5.

Defendants admit that the 911 call records, dispatch recordings, and CAD records of Ms. Birdwell's contact with 911 speak for themselves.

6.

Once on the scene, Defendants admit they made contact with Birdwell and she relayed similar information as to what was originally reported in the 911 call. Additionally. Birdwell reported to Officer Goode that Relloque appeared to have ash or dirt on his chest and arms and that he may have had a burn or blood on one of his arms. Birdwell also informed Sergeant Gradwahl that Relloque had ingested mushrooms and was acting in a way she had never seen him act before. At no point did Birdwell indicate to Defendants Relloque's race.

Page 2 -   **DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT**

LEWIS, NWEZE & STABLER
Not a Partnership
Employed by the Legal Division of CIS
15875 Boones Ferry Rd., #1469
Lake Oswego, OR 97035
Telephone: (503) 763-3875

7.

Defendants admit that they believed Relloque had ingested and was under the influence of hallucinogenic mushrooms, based upon the information provided to them by Birdwell.

8.

Defendants admit that dispatch ran Relloque's name through the "Law Enforcement System Database" or "LEDS", which produced information such as whether he had any outstanding warrants or if there were any warning flags.  Defendants deny that any photographic or demographic information was made available through the LEDS search about Relloque.

9.

Defendants admit that under the circumstances confronting them, they chose not to enter the residence and escalate a confrontation in a confined space, but rather made other efforts to contact Relloque.  Defendants admit they made numerous calls to Relloque, rang the doorbell at the residence, looked into numerous windows in an attempt to locate Relloque, and called out to Relloque via a loudspeaker system.  Defendants admit Relloque disregarded all attempts by law enforcement to contact him.

10.

Defendants admit that Sergeant Gradwahl contacted Captain Oddis Rollins of the West Linn Police Department and ran the known facts and circumstances by him, including that Sergeant Gradwahl believed they did not have probable cause for a mandatory arrest.

11.

Defendants admit that Birdwell informed Defendants she was able to stay at her boyfriend's residence that evening, thereby not requiring her to reenter the residence.  Defendants also admit they informed Birdwell they did not want to place themselves or Relloque in a position where force was necessitated.  Deny that Defendants prevented Birdwell from entering or remaining at the residence or otherwise ordered Birdwell to leave the residence.

/ / /

/ / /

Page 3 -   DEFENDANTS' ANSWER AND AFFIRMATIVE
DEFENSES TO PLAINTIFF'S COMPLAINT

LEWIS, NWEZE & STABLER
Not a Partnership
Employed by the Legal Division of CIS
15875 Boones Ferry Rd., #1469
Lake Oswego, OR 97035
Telephone: (503) 763-3875

12.

Defendants admit they were on scene investigating and attempting to make contact with Relloque for approximately one hour.

13.

Defendants admit that after leaving the residence, additional attempts were made to contact Relloque by both phone and at the residence.

14.

Defendants admit that at approximately 7:11 a.m., Birdwell contacted 911 dispatch to report she located what she believed to be part of a finger in the toilet and that no one else was at the house other than her and her boyfriend.

15.

Defendants admit that West Linn Police Department Officer Larry Redler responded to Birdwell's call. He was aware of the call from the night before and noted that Relloque's vehicle was not present at the residence. At the residence, Officer Redler entered the bathroom in question and observed a large amount of human hair on the floor, in the toilet, the shower, and in the garbage. Officer Redler also observed what appeared to be a human finger and skin in the toilet, and what appeared to be skin in the bathtub. In the kitchen, Officer Redler located numerous mushrooms on a cutting board and on the floor, a mostly empty cup of what appeared to be mushroom tea on the kitchen counter and was given additional mushrooms in a large gallon jar by Birdwell, which she indicated all belonged to Relloque.

16.

After submitting an "attempt to locate" call, Officer Redler learned that Relloque had been found that morning in Turner, Oregon disoriented and severely burned and had been transported to Legacy Emmanuel Burn Center and. Defendants admit that Officer Redler was informed by Legacy hospital staff that Relloque had six missing fingernails and had severe burns to his arms and torso.

/ / /

Page 4 -   DEFENDANTS' ANSWER AND AFFIRMATIVE
DEFENSES TO PLAINTIFF'S COMPLAINT

LEWIS, NWEZE & STABLER
Not a Partnership
Employed by the Legal Division of CIS
15875 Boones Ferry Rd., #1469
Lake Oswego, OR 97035
Telephone: (503) 763-3875

BY WAY OF FURTHER ANSWER AND FOR A FIRST AFFIRMATIVE DEFENSE, City Defendants allege:

17.

Some or all of Plaintiff's allegations and claims fail to state a claim for relief against some or all of the Defendants.

BY WAY OF FURTHER ANSWER AND FOR A SECOND AFFIRMATIVE DEFENSE, City Defendants allege:

18.

Plaintiff's state law claims are subject to the conditions, limitations, and immunities contained in the Oregon Tort Claims Act, ORS 30.260 *et seq.*, including, but not limited to, the immunity of the County arising out of the immunity of its officers, employees or agents contained in ORS 30.265(5), the tort claim notice requirements contained in ORS 30.275, the limitation on damages contained in ORS 30.272 and any other applicable statute. Further, Defendants Matthew Goode, Dana Gunnarson and Todd Gradwahl are not proper parties under plaintiff's state law claims pursuant to the Oregon Tort Claims Act, ORS 30.265(2), and should be dismissed.

BY WAY OF FURTHER ANSWER AND FOR A THIRD AFFIRMATIVE DEFENSE, City Defendants allege:

19.

Defendants Matthew Goode, Dana Gunnarson and Todd Gradwahl are entitled to qualified immunity.

BY WAY OF FURTHER ANSWER AND FOR A FOURTH AFFIRMATIVE DEFENSE, City Defendants allege:

20.

If Relloque suffered any harm resulting from the events on November 14, 2020, Relloque's use of psychedelic mushrooms and his refusal to respond to Defendants' attempts to contact him that evening contributed or caused some or all of his harm.

/ / /

Page 5 -   DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT

LEWIS, NWEZE & STABLER
Not a Partnership
Employed by the Legal Division of CIS
15875 Boones Ferry Rd., #1469
Lake Oswego, OR 97035
Telephone: (503) 763-3875

BY WAY OF FURTHER ANSWER AND FOR A FIFTH AFFIRMATIVE DEFENSE, City Defendants allege:

21.

Based upon the totality of the circumstances, including, but not limited to, the volatility of individuals who are under the influence of psychedelic mushrooms, the potential risk of injury to officers and/or Relloque, the limited governmental interest in entering the residence, and the overall interest in maintaining safety, defendants made a reasonable discretionary decision to not enter the residence in response to Ms. Birdwell's 911 call.

BY WAY OF FURTHER ANSWER AND FOR A SIXTH AFFIRMATIVE DEFENSE, City Defendants allege:

22.

Plaintiff's injuries and/or alleged damages were caused in whole or in part by Plaintiff's own negligence or fault in one or more of the following ways:

a. In collecting wild mushrooms from a graveyard with unknown or unpredictable hallucinogenic properties;

b. In ingesting the mushrooms;

c. In ingesting these mushrooms without knowing the potential negative effects on his physical and mental wellbeing;

d. In failing to have someone present when he ingested these mushrooms to look after him while he experienced the effects of these likely hallucinogenic mushrooms;

e. In lighting a fire either prior to or after ingesting these mushrooms;

f. In failing to respond to any one of Defendants' numerous attempts to contact him when they responded to the residence on November 14, 2020 as alleged in paragraphs 9, 12, and 13;

g. In inflicting serious bodily injury to himself after having ingested these mushrooms.

/ / /

/ / /

Page 6 -   DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT

LEWIS, NWEZE & STABLER
Not a Partnership
Employed by the Legal Division of CIS
15875 Boones Ferry Rd., #1469
Lake Oswego, OR 97035
Telephone: (503) 763-3875

BY WAY OF FURTHER ANSWER AND FOR A SEVENTH AFFIRMATIVE DEFENSE, City Defendants allege:

23.

To the extent not already raised in this Answer, plaintiff's claim for punitive damages fails to state a claim against some or all of defendants.

BY WAY OF FURTHER ANSWER AND FOR AN EIGHTH AFFIRMATIVE DEFENSE, City Defendants allege:

24.

The conduct of the officers was privileged and justified under the totality of the circumstances confronting them in their attempts to contact Plaintiff, the likelihood of Plaintiff being under the influence of hallucinogenic mushrooms, the fact that individuals under the influence of hallucinogenic mushrooms can be highly erratic, the desire to avoid instigating a situation which required officer use of force, and the ultimate goal of maintaining the safety of officers, Ms. Birdwell, and Plaintiff, and their ultimate decision to not enter the residence.

BY WAY OF FURTHER ANSWER AND FOR A NINTH AFFIRMATIVE DEFENSE, City Defendants allege:

25.

Defendants are immune from Plaintiff's claims as a result of the statutory immunity set forth in ORS 426.335(6), and 30.265(5), (6)(f) because Defendants were at all times acting in good faith, on probable cause and without malice.

BY WAY OF FURTHER ANSWER AND FOR A TENTH AFFIRMATIVE DEFENSE, City Defendants allege:

26.

Defendants reserve the right to allege any further affirmative defenses which become apparent during the course of discovery.

/ / /

/ / /

Page 7 -   DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT

LEWIS, NWEZE & STABLER
Not a Partnership
Employed by the Legal Division of CIS
15875 Boones Ferry Rd., #1469
Lake Oswego, OR 97035
Telephone: (503) 763-3875

BY WAY OF FURTHER ANSWER AND FOR AN ELEVENTH AFFIRMATIVE DEFENSE, City Defendants allege:

27.

Defendants reserve the right to add additional parties.

28.

Wherefore, having fully answered Plaintiff's Complaint, City Defendants pray for judgment in their favor to include an award of its costs, disbursements and attorney fees incurred herein pursuant to 42 U.S.C. § 1988, and such other relief as the court deems just and equitable.

City Defendants respectfully request trial by jury.

Respectfully submitted this 13th January 2022.

LEWIS, NWEZE & STABLER

By:   s/ *Lauren E. Nweze*
David C. Lewis, OSB No. 953348
Lauren E. Nweze, OSB No. 145218
Of Attorneys for Defendants

Page 8 -   DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT

LEWIS, NWEZE & STABLER
Not a Partnership
Employed by the Legal Division of CIS
15875 Boones Ferry Rd., #1469
Lake Oswego, OR 97035
Telephone: (503) 763-3875