Beth Creighton, OSB #972440
E-mail: *Beth@civilrightspdx.com*
Kristin R. Bell, OSB #235024
E-mail: *Kristin@civilrightspdx.com*
CREIGHTON & ROSE, PC
735 SW First Ave., Ste. 300
Portland, Oregon 97204
Phone: (503) 221-1792
Fax:     (503) 223-1516

Of Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| **MICHAEL AUSTIN RELLOQUE, IV**, | Case No. 3:22-cv-01781-SI |
| Plaintiff, | |
| vs. | **PLAINTIFF'S SURREPLY IN OPPOSITION TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT** |
| **CITY OF WEST LINN, MATTHEW GOODE, DANA GUNNARSON, TODD GRADWAHL,** | |
| Defendants. | ORAL ARGUMENT REQUESTED |

## INTRODUCTION

LR 56-1(b) allows a non-moving party to file a surreply memorandum addressing the evidentiary objections of the moving party when, as in this case, an evidentiary objection is raised by the moving party in its reply memorandum.

CREIGHTON
& ROSE, PC | ATTORNEYS
AT LAW
735 SW First Ave., #300
Portland, OR 97204
T. (503) 221-1792
F. (503) 223-1516
beth@civilrightspdx.com

"[O]bjections for relevance are generally unnecessary on summary judgment because they are 'duplicative of the summary judgment standard itself.' *Burch v. Regents of Univ. of Cal*., 433 F. Supp. 2d 1110, 1119 (E.D. Cal. 2006) (Shubb, J.). On summary judgment, a court must determine whether the evidence viewed in the light most favorable to the non-moving party creates a 'genuine dispute as to any material fact' that must be resolved at trial. Fed. R. Civ. P. 56(a). And under Federal Rule of Evidence 401, evidence is relevant if it 'has any tendency to make a fact more or less probable' and that fact 'is of consequence in determining the action.' Fed. R. Evid. 401. Putting these two standards together, if evidence submitted on summary judgment could create a genuine dispute of material fact, it is, by definition, 'of consequence in determining the action,' and therefore relevant. *Id*. Conversely, if the submitted evidence does not create a genuine dispute of material fact, there is no need for the court to separately determine whether it is relevant because, even assuming it is not, it will not affect the ultimate summary judgment ruling. [...] [P]arties briefing summary judgment motions would be better served to 'simply argue' the import of the facts reflected in the evidence rather than expending time and resources compiling laundry lists of relevance objections. *Burch*, 433 F. Supp. 2d at 1119."
*Sandoval v. Cty. of San Diego*, 985 F3d 657, 665 (9th Cir 2021)

"At the summary judgment stage, we do not focus on the admissibility of the evidence's form. We instead focus on the admissibility of its contents." *Fraser v. Goodale,* 342 F.3d 1032, 1036 (9th Cir. 2003); *see* Fed. R. Civ. P. 56(c)(2).

"If the contents of a document can be presented in a form that would be admissible at trial—for example, through live testimony by the author of the document—the mere fact that the document itself might be excludable hearsay provides no basis for refusing to consider it on summary judgment."
*Sandoval v. Cty. of San Diego*, 985 F3d 657, 666 (9th Cir 2021).

## ARGUMENT

**1. Exhibits related to Michael Fesser, including: the OIR Group Review, News Articles, DA's Office Brady Report, and News Articles and References related to George Floyd/Breonna Taylor are appropriate for Summary Judgment consideration.**

CREIGHTON
& ROSE, PC    ATTORNEYS
AT LAW

735 SW First Ave., #300
Portland, OR 97204
T. (503) 221-1792
F. (503) 223-1516
beth@civilrightspdx.com

Plaintiff's Response to Defendants' Motion for Summary Judgment makes clear that one of the reasons the Defendant officers stated for refusing to enter the residence where an injured Mr. Relloque was last seen was that they "did not want to go into the house and have to use excessive force 'in lieu of the current like state of the police riots and all of that, like they didn't want to have to do that, go in and use excessive force." (Ex. 25, p 36, see also 37-38, 60-61, Ex. 26 p 50-51, Ex 34)." pg. 14. These exhibits and references are included to give information regarding the political atmosphere surrounding policing during the events at issue, which were explicitly considered by the Defendants. As such, this evidence and references thereto are not being offered for the truth of the matter asserted (such as to show any culpability by West Linn Police Department in the Fesser case), but as evidence of the controversies around policing Defendant officers were considering and referencing in their own statements and their effect on the listener, and are thus not hearsay under FRE 801(c)(2).

## 2. Post-Incident Photos of Plaintiff's Injuries are appropriate for Summary Judgment Consideration.

The photos offered in this case, showing the injuries Plaintiff seeks recovery for, are offered because Defendants contended in their Motion for Summary Judgment that "the full extent of [Plaintiff's] injuries had been realized" (Defs' Motion pg 8, *see also* Plf's Response pg. 22) prior to the Defendants' acts and omissions at issue, and thus Defendants could not have "caused" Plaintiff's injuries. To rebut this argument, Plaintiff offered the photos of his injuries in juxtaposition to the testimony of his roommate Ms. Birdwell, who described her perception of Plaintiff's injuries as "'an ash mark or blood' on his arm. Ex 5,

CREIGHTON & ROSE, PC   ATTORNEYS AT LAW
735 SW First Ave., #300
Portland, OR 97204
T. (503) 221-1792
F. (503) 223-1516
beth@civilrightspdx.com

PAGE 3 – PLTF'S SURREPLY RE: DEFENDANTS' MSJ

Ex 8." (Plf's Response pg. 22). This discrepancy evidences that "Relloque's injuries were [...] more extensive and severe after Defendants' actions[1] (Ex 8). Contrary to Defendants' assertions, Relloque's injuries had not yet been fully realized based on Melissa Birdwell's description of his injuries." *Id.*

Now, Defendants object to these photos inclusion because the photos do not "accurately reflect how Plaintiff appeared during the relevant time (when Melissa Birdwell saw him)." (Defs' Response pg. 3). However, the purpose for which Plaintiff offers these photos is not as evidence that his appearance in the photos is how he appeared during his interaction with Ms. Birdwell. These photos are offered to establish a timeline of the occurrence of Plaintiff's injuries based on his appearance and how a witness described his appearance. Any significant contradictions in his ultimate appearance after all his injuries had been fully realized and descriptions of his appearance earlier in the timeline evidence that his injuries had not yet been fully realized at that point.

Further, Defendants contend that these photos are "unfairly prejudicial" because these photos show Mr. Relloque's injuries after he "received care for his injuries, including [...] cleaned and dressed to some degree." (Defs' Response pg. 3). It is unclear how efforts that would improve an injury's appearance, such as "cleaning" it, would unfairly prejudice the Defendants. Further, pages 1-7 of exhibit 8 were pictures taken at Plaintiff's intake at the

/ / /

/ / /

---

[1] directly contradicting Defendants' claims that "the full extent of his injuries had been realized." Defs' Motion pg 8.

CREIGHTON
& ROSE, PC        ATTORNEYS
AT LAW

735 SW First Ave., #300
Portland, OR 97204
T. (503) 221-1792
F. (503) 223-1516
beth@civilrightspdx.com

hospital. Further photos were included to show the extent of his injuries, even though in the photos he had received *some* care. As such these are the best photos to evidence his appearance in his ultimate state before receiving care.

### 3. Plaintiff's Declaration is appropriate for Summary Judgment consideration.

As a preliminary matter, Defendants' Motion to Strike paragraphs of Mr. Relloque IV's deposition is not properly before the court, and thus should not be considered. (*See* LR 7-1(b)) Further, none of the statements that Defendants point to as contradictions that might trigger the "sham affidavit rule" are contradictory at all.

> "In order to trigger the sham affidavit rule, the district court must make a factual determination that the contradiction is a sham, and the *inconsistency between a party's deposition testimony and subsequent affidavit must be clear and unambiguous to justify striking the affidavit*."
> *Yeager v. Bowlin*, 693 F3d 1076, 1080 (9th Cir 2012) (internal quotations omitted, emphasis added).

> "[N]ewly-remembered facts, or new facts, accompanied by a reasonable explanation, should not ordinarily lead to the striking of a declaration as a sham. *See Cleveland v. Policy Mgmt. Sys. Corp.*, 526 U.S. 795, 806-07, 119 S. Ct. 1597, 143 L. Ed. 2d 966 (1999) (stating the general rule that parties may explain or attempt to resolve contradictions with an explanation that is sufficiently reasonable). '[T]he non-moving party is not precluded from elaborating upon, explaining or clarifying prior testimony elicited by opposing counsel on deposition and minor inconsistencies that result from an honest discrepancy, a mistake, or newly discovered evidence afford no basis for excluding an opposition affidavit.' *Van Asdale*, 577 F.3d at 999 (quoting *Messick v. Horizon Indus.*, 62 F.3d 1227, 1231 (9th Cir. 1995)." *Id.*

Further "a deponent's memory could credibly [be] refreshed by subsequent events, including discussions with others or his review of documents, record, or papers." *Id.* The "discrepancies" Defendants point to, such as the difference between "about 3 feet" and

CREIGHTON & ROSE, PC    ATTORNEYS AT LAW

735 SW First Ave., #300
Portland, OR 97204
T. (503) 221-1792
F. (503) 223-1516
beth@civilrightspdx.com

"within 'arms reach'" (Defs' Response pg. 4), do not come anywhere close to the "clear and unambigious" contradiction necessary to strike an affadavit as a "sham."

**4. Dr. Mark Baskerville's Declaration is appropriate for Summary Judgment consideration.**

Defendants concede that Dr. Mark Baskerville "is a 'board-certified physician in the specialties of emergency medicine, anesthesiology, critical care, addiction medicine, and neurocritical care' [...] [and] undoubtedly can offer opinions within those practice areas. The American Board of Medical Specialties defines an Emergency Medicine Physician as one who "specializes in Emergency Medicine [...] the immediate decision making and action necessary to prevent death or any further disability *both in the pre-hospital setting by directing emergency medical technicians* and in the emergency department." As such, Dr. Baskerville is entirely qualified to provide expert testimony about this practice area. Courts in this district have accepted as expert opinion the testimony of emergency medicine physicians as to the standard of care for EMTs. *See Nattell v. Curry Cty*., No. 1:11-cv-03161-CL, 2013 US Dist LEXIS 137640, at *6 (D Or Aug. 28, 2013) adopted by *Nattell v. Curry County*, 2013 U.S. Dist. LEXIS 136215 (D. Or., Sept. 23, 2013).

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

CREIGHTON & ROSE, PC    ATTORNEYS AT LAW

735 SW First Ave., #300
Portland, OR 97204
T. (503) 221-1792
F. (503) 223-1516
beth@civilrightspdx.com

**CONCLUSION**

Plaintiff respectfully requests that Defendants' evidentiary objections be denied based on the reasoning herein, and that the entirety of Plaintiff's Response to Defendants' Motion for Summary Judgment be considered, including all supporting declarations and exhibits.

DATED this 20th day of March, 2025.              CREIGHTON & ROSE, PC

                                                    *s/Beth Creighton*
                                                    BETH CREIGHTON, OSB #972440
                                                    *Beth@civilrightspdx.com*
                                                    KRISTIN R. BELL, OSB #235024
                                                    *Kristin@civilrightspdx.com*
                                                    735 SW First Ave., Suite 300
                                                    Portland, OR 97204
                                                    Tel: 503.221.1792
                                                    Attorneys for Plaintiff

CREIGHTON
& ROSE, PC

ATTORNEYS
AT LAW

735 SW First Ave., #300
Portland, OR 97204
T. (503) 221-1792
F. (503) 223-1516
beth@civilrightspdx.com