Lauren E. Nweze, OSB No. 145218
lnweze@wshblaw.com
Amanda J. Rockett, OSB No. 052401
arockett@wshblaw.com
Holly Winter, OSB No. 115596
hwinter@wshblaw.com
Wood, Smith, Henning & Berman LLP
12755 SW 69th Avenue, Suite 100
Portland, Oregon 97223
Telephone: 971.256.4010
Facsimile: 971.275.1928

Attorneys for Defendants City of West Linn,
Matthew Goode, Dana Gunnarson, and Todd
Gradwahl

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| MICHAEL AUSTIN RELLOQUE, IV, | Case No. 3:22-cv-01781-SI |
| Plaintiff, | **DEFENDANTS' WITNESS LIST** |
| v. | |
| CITY OF WEST LINN, MATTHEW GOODE, DANA GUNNARSON, and TODD GRADWAHL, | |
| Defendants. | |

Defendants City of West Linn, Matthew Goode, Dana Gunnarson and Todd Gradwahl

hereby offer the following witness list:

1. **Officer Matthew Goode (4 hours).**
   West Linn Police Department
   1800 8th Avenue
   West Linn, OR 97068

Page 1 -    DEFENDANTS' WITNESS LIST

Officer Goode will testify to receiving a call for service on November 14, 2020, to Plaintiff's residence for a behavioral health incident report. Officer Goode will testify regarding the information obtained in the call, from the roommate, who reported that Plaintiff was acting "crazy," had come into her room naked shouting that he was "God," was likely high on mushrooms, potentially had a burn on his arm, smelled "bad", maybe like burnt skin, and had other "markings" on his body (which she did not describe as burns or injuries). Officer Goode will testify about responding to the scene, where he encountered Ms. Birdwell, who had left the residence at that point and was in front of the home. Upon contact, Ms. Birdwell mostly reiterated what she had just told dispatch, but added that Plaintiff appeared to have ash or dirt on his chest and arms and that he may have had a burn or blood on one of his arms. Ms. Birdwell also informed the officers that Plaintiff had ingested mushrooms that evening and was acting in a way she had never seen him act before. Officer Goode will testify to the efforts they made to try and contact Plaintiff through a variety of methods to determine if he was, in fact, injured and required any assistance. Officer Goode will testify that despite these numerous attempts over an hour period of time, Plaintiff did not respond, and officers could not even know for certain whether Plaintiff was located inside the residence at the time. Officer Goode will also testify to his observations of the house, including any odor, and what was (and was not) observable of the interior of the home. Officer Goode will testify that at this point, the officers did not believe they had probable cause to enter the residence, assessed that their governmental interest in entering the residence was low, and did not want to risk inciting a confrontation or use of force situation with Plaintiff. Officer Goode will testify that Ms. Birdwell was able to stay with her boyfriend that evening, so any risk to her was alleviated.

Wood, Smith, Henning & Berman LLP
12755 SW 69th Avenue, Suite 100
Portland, Oregon 97223
Telephone: 971.256.4010 Fax: 971.275.1928

If necessary, Officer Goode will testify about modifications made to his draft report prior to it being finalized based upon feedback received from Sergeant Gradwahl in order to ensure the report was a fair and accurate representation of what occurred during the call and what was known. Officer Goode will testify these changes were made prior to any knowledge of Plaintiff's physical condition being obtained when he was located in Turner, Oregon.

2.   **Sergeant Dana Gunnarson (4 hours).**
West Linn Police Department
1800 8th Avenue
West Linn, OR 97068

Sergeant Gunnarson will testify to receiving a call for service on November 14, 2020, to Plaintiff's residence for a behavioral health incident report, where she responded to assist the primary officer. Sergeant Gunnarson will testify regarding the information obtained in the call, from the roommate, who reported that Plaintiff was acting "crazy," had come into her room naked shouting that he was "God," was likely high on mushrooms, potentially had a burn on his arm, smelled "bad", maybe like burnt skin, and had other "markings" on his body (which she did not describe as burns or injuries). Sergeant Gunnarson will testify about responding to the scene, where she encountered Ms. Birdwell, who had left the residence at that point and was in front of the home. Upon contact, Ms. Birdwell mostly reiterated what she had just told dispatch, but added that Plaintiff appeared to have ash or dirt on his chest and arms and that he may have had a burn or blood on one of his arms. Ms. Birdwell also informed the officers that Plaintiff had ingested mushrooms that evening and was acting in a way she had never seen him act before. Sergeant Gunnarson will testify to the efforts they made to try and contact Plaintiff through a variety of methods to determine if he was, in fact, injured and required any assistance, including her suggesting they obtain a ladder from the fire truck. Sergeant Gunnarson will testify that despite these numerous attempts over an hour period of time, Plaintiff did not respond, and officers could

Page 3 -   DEFENDANTS' WITNESS LIST

not even know for certain whether Plaintiff was located inside the residence at the time. Sergeant Gunnarson will also testify to her observations of the house, including any odor, and what was (and was not) observable of the interior of the home. Sergeant Gunnarson will testify that at this point, the officers did not believe they had probable cause to enter the residence, assessed that their governmental interest in entering the residence was low, and did not want to risk inciting a confrontation or use of force situation with Plaintiff. Sergeant Gunnarson will testify that Ms. Birdwell was able to stay with her boyfriend that evening, so any risk to her was alleviated. Sergeant Gunnarson will testify to her attempts to call Plaintiff's cell phone and waiting at the end of his neighborhood after they closed the call, to see if there was any activity after the cleared the scene.

3.  **Sergeant Todd Gradwahl (4 hours).**
    West Linn Police Department
    1800 8th Avenue
    West Linn, OR 97068

Sergeant Gradwahl will testify to receiving a call for service on November 14, 2020, to Plaintiff's residence for a behavioral health incident report, where he responded to assist the primary officer in his supervisory capacity. Sergeant Gradwahl will testify regarding the information obtained in the call, from the roommate, who reported that Plaintiff was acting "crazy," had come into her room naked shouting that he was "God," was likely high on mushrooms, potentially had a burn on his arm, smelled "bad", maybe like burnt skin, and had other "markings" on his body (which she did not describe as burns or injuries). Sergeant Gradwahl will testify about responding to the scene, where she encountered Ms. Birdwell, who had left the residence at that point and was in front of the home. Upon contact, Ms. Birdwell mostly reiterated what she had just told dispatch, but added that Plaintiff appeared to have ash or dirt on his chest and arms and that he may have had a burn or blood on one of his arms. Sergeant Gradwahl will

Wood, Smith, Henning & Berman LLP
12755 SW 69th Avenue, Suite 100
Portland, Oregon 97223
Telephone: 971.256.4010 Fax: 971.275.1928

testify that when they inquired further into the burn smell and potential injury, Ms. Birdwell provided limited information that did not indicate cause for concern of serious injury. Ms. Birdwell also informed the officers that Plaintiff had ingested mushrooms that evening and was acting in a way she had never seen him act before. Sergeant Gradwahl will testify to the efforts they made to try and contact Plaintiff through a variety of methods to determine if he was, in fact, injured and required any assistance. Sergeant Gradwahl will testify that despite these numerous attempts over an hour period of time, Plaintiff did not respond, and officers could not even know for certain whether Plaintiff was located inside the residence at the time. Sergeant Gradwahl will also testify to his observations of the house, including any odor, and what was (and was not) observable of the interior of the home. Sergeant Gradwahl will testify that at this point, the officers did not believe they had probable cause to enter the residence, assessed that their governmental interest in entering the residence was low, and did not want to risk inciting a confrontation or use of force situation with Plaintiff. Sergeant Gunnarson will testify that Ms. Birdwell was able to stay with her boyfriend that evening, so any risk to her was alleviated. Sergeant Gradwahl will testify to a phone conversation he had with (then) Captain Rollins where these considerations were also relayed, who agreed with the on-scene officers' assessment that they should not attempt to enter the residence at that time and the officers cleared the scene.

Sergeant Gradwahl will testify to limited interactions with Plaintiff's family and Ms. Birdwell after the event in which he provided information about the incident to the family and helped facilitate Plaintiff's family obtaining Plaintiff's possessions from the residence.

If necessary, Sergeant Gradwahl will testify about feedback provided to Officer Goode after reviewing his initial draft report in order to ensure the report was a fair and accurate representation of what occurred during the call and what was known. Sergeant Gradwahl will

Wood, Smith, Henning & Berman LLP
12755 SW 69th Avenue, Suite 100
Portland, Oregon 97223
Telephone: 971.256.4010 Fax: 971.275.1928

testify this feedback was provided prior to any knowledge of Plaintiff's physical condition being obtained when he was located in Turner, Oregon.

4. **Interim Chief Oddis Rollins (2 hours).**
West Linn Police Department
1800 8th Avenue
West Linn, OR 97068

Interim Chief Rollins will testify regarding West Linn Police Department policies and procedures related to responding to calls for service, assessing the scene, home entry, and lawful authority. He will also testify to the telephone call between himself and Sergeant Gradwahl where the considerations regarding the governmental interest, lack of probable cause, and safety risks were relayed, and how he agreed with the on-scene officers' assessment that they should not attempt to enter the residence at that time and the officers cleared the scene.

5. **Toni Swanberg (1 hour).**
West Linn Police Department
1800 8th Avenue
West Linn, OR 97068

If necessary, Ms. Swanberg will testify to data contained in the report writing system which demonstrates that Officer Goode's final report was drafted and approved prior to any knowledge of Plaintiff's physical condition being obtained when he was located in Turner, Oregon.

6. **Michael Tom (3 hours).**
Northwest Workplace Investigations
mtomlaw.com

If necessary, Mr. Tom will testify to parts of the investigation he conducted into the call for service involving Plaintiff, including interviews he conducted of the named Defendants, Oddis Rollins, Melissa Birdwell, and LeAnne Senger. Mr. Tom conducted these interviews between July – December of 2021. Mr. Tom will lay the foundation for these interviews and provide context for why they were taken – that he was retained to conduct an investigation to determine if there any policy or training violations related to this incident and found no violations as a result of these

Wood, Smith, Henning & Berman LLP
12755 SW 69th Avenue, Suite 100
Portland, Oregon 97223
Telephone: 971.256.4010 Fax: 971.275.1928

interviews and his investigation.

7. **Michael Austin Relloque IV (3 hours).**
West Linn Police Department
1800 8th Avenue
West Linn, OR 97068

Plaintiff should testify that earlier on Nov. 13, 2020, he had gone foraging for and procured some hallucinogenic mushrooms. Plaintiff should testify that when he arrived home that evening, he went on a walk or a run, may have eaten some dinner, smoked marijuana, and then decided to meditate in front of a lit fireplace. Plaintiff should testify that at the time he smoked marijuana and then meditated, he was sleep deprived, had been regularly fasting, likely had low blood sugar, and had further exhausted himself with the walk/run earlier. Plaintiff recalled that he went into a "feeling like a sense of ecstatisism or euphoria" during his meditation, and the next thing he remembered was "coming to like recognizing that [he] was inside the fire[.]" Plaintiff should testify that when he came to in the fireplace, he described realizing that he "should probably not be in the fireplace any longer" and got himself out and went downstairs to Ms. Birdwell's room and ultimately left her room after noticing her being fearful. Plaintiff should testify that at the time he went to Ms. Birdwell's room (which was the event which precipitated her 911 call), he had already sustained his burns. Plaintiff should testify that did not recall seeing or hearing law enforcement outside his residence later that evening, but he generally recalls other actions he took after leaving Ms. Birdwell's room, such as shaving his head, taking a shower, making hallucinogenic mushroom tea (and it having no perceptible effect on him), and driving his car for a longer period of time, however much of the rest of the events of that evening are unclear.

8. **Melissa Birdwell (2 hours).**
13440 SE 169th Ave., #210
Happy Valley, OR 97015

Ms. Birdwell should testify to the contents of her initial 911 call on Nov. 14, 2020, where

Page 7 -      DEFENDANTS' WITNESS LIST

she reported that Plaintiff was acting "crazy," had come into her room naked shouting that he was "God," was likely high on mushrooms, potentially had a burn on his arm, smelled "bad", maybe like burnt skin, and had other "markings" on his body (which she did not describe as burns or injuries), that Plaintiff acknowledged and responded to her statements to him that he "snap out of it" and leave her room. Ms. Birdwell should testify that in this call she did not describe Plaintiff making any request for medical assistance, did not indicate Plaintiff made statements or acted in a manner suggesting he was in need of immediate assistance or medical care, nor did Ms. Birdwell describe Plaintiff as acting in a manner indicating he was experiencing any pain or distress, that no one else was in the residence and at the time of the call she believed Plaintiff was now upstairs in his room or bathroom but wasn't certain.

Ms. Birdwell should testify that officers responded shortly after she made the 911 call, and that upon contact with them, she mostly reiterated what she had just told dispatch, but added that Plaintiff appeared to have ash or dirt on his chest and arms and that he may have had a burn or blood on one of his arms. Ms. Birdwell also informed the officers that Plaintiff had ingested mushrooms that evening and was acting in a way she had never seen him act before. Ms. Birdwell should also testify that she told officers she smelled a "burnt smell," but was not able to clarify exactly what Plaintiff's physical condition was. Ms. Birdwell should testify to seeing or hearing some of the efforts the officers made to try and locate Plaintiff. Ms. Birdwell should testify that after a period of time, the officers informed her that they could not locate Plaintiff and that they were not entering the residence out of safety concerns. Ms. Birdwell should testify that she left that evening to stay at her boyfriend's residence for her own safety. Ms. Birdwell should testify that her statements to 911 and to Mr. Tom would be more accurate than subsequent statements as they were closer in time to the event and her memory would be better at that time.

Wood, Smith, Henning & Berman LLP
12755 SW 69th Avenue, Suite 100
Portland, Oregon 97223
Telephone: 971.256.4010 Fax: 971.275.1928

9.      **Dr. Melissa Kinder (4 hours).**
        10121 SE Sunnyside Rd., Ste 235
        Clackamas, OR 97015

Dr. Kinder will testify to her expertise, background, education, training, and experience as a physician licensed to practice medicine in the state of Oregon and Washington, a board certified by the American Board of Plastic Surgery in General Plastic Surgery and a subspeciality certificate in hand surgery also from the American Board of Plastic Surgery. Dr. Kinder will testify she is in private practice in the Portland Metro area as well as practice at the Portland Veterans Affairs Medical Center with a busy hand surgery practice specializing in soft tissue injuries, amputations as well as bony injuries of the hand and wrist; she also treats traumatic plastic surgery injuries involving the face, and burn injuries, mostly involving the upper extremities. Dr. Kinder will testify she participates in continuing medical education through the American Society of Plastic Surgeons.

Dr. Kinder will testify that she reviewed the Complaint and Answer, all medical records provided by Plaintiff, the police reports and photos, Plaintiff's deposition testimony, Ms. Birdwell's deposition testimony, 911 calls, and Marion County Sheriff's Department reports. Dr. Kinder will testify she reviewed and relied upon numerous scholarly articles (listed in her expert report) in addition to her training, education, and experience.

Dr. Kinder will testify consistent with her expert disclosure, that Mr. Relloque sustained significant full thickness burns involving his face, torso and bilateral upper extremities, that any burn, of any depth, can result in significant lasting cosmetic and functional changes. Dr. Kinder will testify there are numerous factors affecting overall outcome with burns, including (but not limited to) classification, mechanism of burn, thickness, zones of burn injury and total body surface area (TBSA). Dr. Kinder will testify that burns involving 30% or more TBSA result in considerable

Wood, Smith, Henning & Berman LLP
12755 SW 69th Avenue, Suite 100
Portland, Oregon 97223
Telephone: 971.256.4010 Fax: 971.275.1928

hypovolemia or burn shock and that Plaintiff was experiencing this phenomenon as his hemoglobin was significantly elevated. Dr. Kinder will testify about the import of initiation of fluid resuscitation in the early stages of burn victims and the Parkland formula, which provides a protocol estimating the fluid requirements within the first 24 hours after a burn by taking into account the victims weight and burned area (TBSA). Dr. Kinder will testify that Plaintiff received the required fluid for resuscitation upon his arrival to the burn unit with urine output and labs improving or normalizing within 8 hours of arrival. Dr. Kinder will testify that even with prompt fluid resuscitation, Plaintiff's pathologic state was irreversible and that the injury that occurs as a result of the significant burn is permanent.

Dr. Kinder will testify that Plaintiff would not have seen a significant change in his clinical course even had he received medical attention at the time West Linn Police Department officers arrived at his residence. Dr. Kinder will testify that severe full thickness burns will require surgical intervention and Plaintiff's burn was the direct result of the thermal injury. The damage occurred immediately after touching/coming in close contact with the flame. Dr. Kinder will testify that as noted in the literature, even immediate fluid resuscitation does not change the pathology that occurs due to the thermal injury; that fluid resuscitation can change the outcomes of the tissue within the zone of status in the burn, but this is not expected to be clinically significant amount based on how quickly Plaintiff responded to fluid resuscitation upon arrival to the hospital. Dr. Kinder will testify that this would not change the requirement of excision of the burned skin tissue and resultant need for skin grafting and finger amputation, that the need for surgical reconstruction of the burn scars also would not have changed had he received earlier medical attention, and that the damage that occurred within the burned tissues immediately after the injury is what resulted in his requirements for care. Dr. Kinder will testify that the alleged delay attributed to the City of

Wood, Smith, Henning & Berman LLP
12755 SW 69th Avenue, Suite 100
Portland, Oregon 97223
Telephone: 971.256.4010 Fax: 971.275.1928

West Linn/Defendants in evaluation and treatment was not going to change the course of care or ultimate outcome after healing.

Dr. Kinder will also testify that it appears Plaintiff did not have any reports of pain at the time of the injury as he was in an "ecstatic and euphoric" state after taking himself out of the fire. This is based his reports of the injury within his deposition. He also notes that he did not recall feeling any pain that night until he was sedated at the hospital.

Dr. Kinder may also provide rebuttal testimony.

10. **Michael Klews (4 hours).**
    M. Klews & Associates
    6836 G Street
    Springfield, OR 97475

Mr. Klews will testify to his expertise, background, education, training, and experience as a police officer, president of a police union, crash reconstructionist, field training officer, and advisor and director to several law-enforcement boards and commissions.  Mr. Klews will testify that he reviewed the Complaint and Answer, all medical records provided by Plaintiff, the police reports and photos, all witness deposition testimony taken in this case, 911 calls and radio traffic, photos, training records, WLPD Policies, de-escalation training materials, accreditation and standards documents, CAD records, personnel files, TVF&R documents, Michael Tom investigation and materials, Marion County Sheriff's Department reports, and summary judgment briefing materials.

Mr. Klews will testify that Officer Goode, Sergeant Gunnarson, and Sergeant Gradwahl's actions in response to Ms. Birdwell's 911 call were appropriate and reasonable under the circumstances and consistent with accepted police practices in Oregon. Mr. Klews will testify that Defendants' decision to not execute a warrantless entry into a private residence where an erratic and reportedly impaired individual (Plaintiff) was present and not responsive to the Defendants'

Page 11 -    DEFENDANTS' WITNESS LIST

attempts to contact him was reasonable, consistent with DPPST and other Oregon law enforcement standards and training, and was the best option in light of the circumstances to achieve the safest outcome. Mr. Klews will testify that there was no articulable probable cause at the time, and even if there had been probable cause, based upon the type of conduct here, this did not obligate the police to take Plaintiff into physical custody or issue a citation at this or at any other point in time. Mr. Klews will testify that there was no justification under other ORS which required or obligated the officers to enter the residence that evening. Mr. Klews will testify that the safety concerns at play that evening strongly weighed against entering the residence that evening. Mr. Klews will testify that Sergeant Gradwahl, Sergeant Gunnarson, and Officer Goode took all reasonable steps to establish communication with Michael Relloque, that their decision to not enter the residence is well grounded in Oregon law, and police best practices, that they ensured the safety of Melissa Birdwell and came up with an alternate location for her to spend the night, away from her residence, and based on the information that was given on scene, there was no reasonable way for them to foresee what the eventual outcome would have been.

Mr. Klews may also provide rebuttal testimony.

DATED this 23rd day of December, 2025

Wood, Smith, Henning & Berman LLP

By: *s/ Lauren Nweze*
Lauren E. Nweze, OSB No. 145218
Amanda J. Rockett, OSB No. 052401
Holly Winter, OSB No. 115596
Telephone: 971.256.4010
Facsimile: 971.275.1928

*Attorneys for Defendants City of West Linn, Matthew Goode, Dana Gunnarson, and Todd Gradwahl*

Page 12 -    DEFENDANTS' WITNESS LIST

<u>**PROOF OF SERVICE**</u>

**Michael Austin Relloque, IV v. City of West Linn, et al.**<br>**Case No. 3:22-cv-01781-SI**

I am employed in the County of Washington County, State of Oregon.  I am over the age of eighteen years and not a party to the within action.  My business address is 12755 SW 69th Avenue, Suite 100, Portland, OR 97223.

On December 23, 2025, I served the following document(s) described as **DEFENDANTS' WITNESS LIST** on the interested parties in this action as follows:

**SEE ATTACHED SERVICE LIST**

**BY CM/ECF NOTICE OF ELECTRONIC FILING:**  I electronically filed the document(s) with the Clerk of the Court by using the CM/ECF system.  Participants in the case who are registered CM/ECF users will be served by the CM/ECF system.  Participants in the case who are not registered CM/ECF users will be served by mail or by other means permitted by the court rules.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on December 23, 2025, at Portland, Oregon.

_s/Chanelle Curfman_____
Chanelle Curfman

Wood, Smith, Henning & Berman LLP
12755 SW 69th Avenue, Suite 100
Portland, Oregon 97223
Telephone: 971.256.4010 Fax: 971.275.1928

**SERVICE LIST**
**Michael Austin Relloque, IV v. City of West Linn, et al.**
**Case No. 3:22-cv-01781-SI**

**Attorneys for Plaintiff**
Beth Creighton
Kristin R. Bell
Richard E. Oberdorfer
Creighton & Rose, PC
735 SW First Ave.
Suite 300
Portland, OR 97204
*beth@civilrightspdx.com*
*kristin@civilrightspdx.com*
*rich@civilrightspdx.com*

41095659.1:12544-0014

Wood, Smith, Henning & Berman LLP
12755 SW 69th Avenue, Suite 100
Portland, Oregon 97223
Telephone: 971.256.4010 Fax: 971.275.1928