Lauren E. Nweze, OSB No. 145218
lnweze@wshblaw.com
Amanda J. Rockett, OSB No. 052401
arockett@wshblaw.com
Holly Winter, OSB No. 115596
hwinter@wshblaw.com
Wood, Smith, Henning & Berman LLP
12755 SW 69th Avenue, Suite 100
Portland, Oregon 97223
Telephone: 971.256.4010
Facsimile: 971.275.1928

Attorneys for Defendants City of West Linn,
Matthew Goode, Dana Gunnarson, and Todd
Gradwahl

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| MICHAEL AUSTIN RELLOQUE, IV, | Case No. 3:22-cv-01781-SI |
| Plaintiff, | **DEFENDANTS' MOTION FOR DIRECTED VERDICT** |
| v. | |
| CITY OF WEST LINN, MATTHEW GOODE, DANA GUNNARSON, and TODD GRADWAHL, | |
| Defendants. | |

**MOTION**

Pursuant to Fed. R. of Civ. P. 50(a), and based on the specific grounds of testimony and evidence given during April 13, 2026 to April 17, 2026 of trial, and for the reasons stated below, Defendants City of West Linn ("Defendant City"), Officer Matthew Goode ("Officer Goode"), and Sergeants Dana Gunnarson ("Sgt. Gunnarson") and Todd Gradwahl ("Sgt. Gradwahl")

Page 1 –    DEFENDANTS' MOTION FOR DIRECTED VERDICT

(collectively referred to as "Defendants") respectfully moves the Court for a judgment as a matter of law on Plaintiff's state-law negligence claim against all Defendants.

## MEMORANDUM OF LAW

### I.  INTRODUCTION

All Defendants in this matter are entitled to a directed verdict under Fed. R. Civ. P. 50(a) on Plaintiff's negligence claim for the following reasons:

First, Plaintiff has not established how Defendants were negligent in the actions they took on November 14, 2020, when they responded to a call for service at Plaintiff's home. Plaintiff has not offered any evidence or testimony that shows: 1) that the harm to Plaintiff was foreseeable and 2) that Defendants acts and/or failures to act were unreasonable.

Second, and most importantly to an Oregon state law negligence claim, Plaintiff has failed to offer any evidence or establish a foundation that shows that even if the Defendants were determined to be negligent, how that negligence caused the Plaintiff's harm. There has been absolutely no evidence which delineates or identifies what, if any, of Plaintiff's injuries can be attributed specifically to the Defendants.

### II. LEGAL STANDARD

Federal Rule of Civil Procedure 50(a) provides that:

> (1)  If a party has been fully heard on an issue during a jury trial and the court finds that a reasonable jury would not have a legally sufficient evidentiary basis to find for the party on that issue, the court may
>
> (A)  Resolve the issue against the party; and

/ / /

/ / /

Page 2 –    DEFENDANTS' MOTION FOR DIRECTED VERDICT

(B)  Grant a motion for judgment as a matter of law against the party

on a claim or defense that, under the controlling law, can be maintained

or defeated only with a favorable finding on that issue.

Fed. R. Civ. P. 50(a)(1). Under Fed. R. Civ. P. 50(a), either party may file a motion for judgment as a matter of law at any time before the case is submitted to the jury. Fed. R. Civ. P. 50(a)(2).

A moving party is entitled to judgment as a matter of law when "the evidence permits a reasonable jury to reach only one conclusion." *Quiksilver, Inc. v. Kymsta Corp*., 466 F.3d 749, 755 (9th Cir. 2006) (quoting *Lawson v. Umatilla County*, 139 F.3d 690, 692 (9th Cir. 1998)). Where a plaintiff fails to produce legally sufficient evidence to support a claim, judgment as a matter of law is appropriate. *Gilbrook v. City of Westminster*, 177 F.3d 839, 870-71 (9th Cir. 1999) (affirming judgment as a matter of law on plaintiffs' equal protection claim after finding plaintiffs had failed to produce sufficient evidence to allow the jury to compare the class of plaintiffs to a class of similarly situated nonplaintiffs).

In Oregon, a common-law negligence claim requires the plaintiff to prove the following: (1) that defendant's conduct caused a foreseeable risk of harm; (2) that the risk is to an interest of a kind that the law protects against negligent invasion; (3) that defendant's conduct was unreasonable in light of the risk; (4) that the conduct was a cause of plaintiff's harm; and (5) that plaintiff was within the class of persons and plaintiff's injury was within the general type of potential incidents and injuries that made defendant's conduct negligent. *Son v. Ashland Community Healthcare Services*, 239 Or. App. 495, 506 (2010) (quoting *Solberg v. Johnson*, 306 Or. 484, 490–491 (1988)).

Wood, Smith, Henning & Berman LLP
12755 SW 69th Avenue, Suite 100
Portland, Oregon 97223
Telephone: 971.256.4010 Fax:  971.275.1928

## III. ARGUMENT

### A.   Plaintiff Has Not Produced Any Legally Sufficient Evidence to Support the Foreseeability Element of a Negligence Claim Under Oregon Law.

Foreseeability requires proof that the Defendants either knew or should have known about the risk alleged and that Defendants' conduct was the cause of Plaintiff's foreseeable harm. *See Fuhrer v. Gearhart By The Sea, Inc.*, 306 Or. 434, 441 (1988); *Son*, 239 Or. App. at 506. "For liability to attach under a general foreseeability theory, a trier of fact must be able to find that there was a reasonably foreseeable risk of harm to the plaintiff and that the defendant's conduct was unreasonable in light of that risk." *Fraker v. Benton County Sheriff's Office*, 214 Or. App. 473, 490 (2007). Testimony and evidence presented by Plaintiff shows that based on the information known to Defendants on the night of November 14, 2020, there was no reasonably foreseeable risk of the harm alleged to occurred to Plaintiff.

First, in the 911 call made by Melissa Birdwell ("Ms. Birdwell") (Pltf. Ex. 7), she states that Plaintiff came down to her room, kicked in the door despite it being locked, yelled "I am God," walked around Ms. Birdwell's room and was able to get into and out of her bed. *Id.* Ms. Birdwell also told the dispatcher that Plaintiff left her room and went back upstairs. *Id.* She described him has having a burn on his arm and having "markings" that looked like "dirt" on his naked body. *Id.* She indicated she smelled "burnt skin or something". *Id.* At no point during that call did Ms. Birdwell state that Plaintiff had sustained substantial burns all over his body, that his hands were substantially injured, and that Plaintiff needed urgent medical attention. *See generally Id.* Rather Ms. Birdwell had to be prompted twice by dispatch before she indicated she thought he needed medical, but was not definitive.

Officer Goode, Sgt. Gunnarson, and Sgt. Gradwahl testified that the information they received from Ms. Birdwell on the scene was consistent with the information that was given in her

Wood, Smith, Henning & Berman LLP
12755 SW 69th Avenue, Suite 100
Portland, Oregon 97223
Telephone: 971.256.4010 Fax: 971.275.1928

911 call, though Ms. Birdwell indicated she did not know the smell was burnt skin, rather just a burnt smell. Ms. Birdwell confirmed lack of knowledge as to the burn skin smell in her video deposition testimony. Ms. Birdwell also could not provide much information at all regarding the red mark on Plaintiff's arm – indicating to the responding officers it could have been a burn or blood but did not or could not provide any further details.  The officers understood Ms. Birdwell's information to be describing an isolated area on one of Plaintiff's arms based upon her words and gestures used in front of the officers.

All of the officers testified that *nothing* Ms. Birdwell told them indicated that Plaintiff had sustained as serious or life-threatening injury. Instead, officers knew that just a short time ago, Plaintiff was mobile, able to ambulate around Ms. Birdwell's room, and navigate the stairs up and down to her room without any difficulty. They also were told that when Ms. Birdwell told Plaintiff to "snap out of it" and then told him to leave her room, he promptly left her room – clearly indicating that he was hearing and responding to her statements. Plaintiff was not crying, moaning, or requesting any assistance.  Ms. Birdwell was not insistent that Plaintiff needed immediate medical attention or that he had extensive injuries (which was corroborated by her 911 call in which she was not even clear if she was asking for a medical response when asked the first couple of times by the dispatcher).  All of this led Officer Goode, Sgt Gunnarson, and Sgt. Gradwahl to reasonably believe that Plaintiff did not have injuries necessitating immediate attention, or that warranted an invasion of Plaintiff's domicile. Even further, in Ms. Birdwell's contact with Officer Goode after the incident, she did not ever express any concern that the Defendants had not contacted Plaintiff and instead thanked him.

Adding to this, all of the officers testified that they spent over an hour at Plaintiff and Ms. Birdwell's home attempting to make contact with Plaintiff. Their efforts included ringing the

Wood, Smith, Henning & Berman LLP
12755 SW 69th Avenue, Suite 100
Portland, Oregon 97223
Telephone: 971.256.4010 Fax: 971.275.1928

doorbell, calling Plaintiff on the phone and leaving him a voicemail, examining the interior of the home through windows, using a spotlight to further illuminate the residence to see in, utilizing a ladder to look into one of the upper windows of the home, and loudly hailing him over a loudspeaker. Officer Goode specifically testified that when observing the home through the windows, there was no fire, no blood or indications of injury, and no sign of the Plaintiff. While Officer Goode testified he did smell a burning smell at the end of the driveway of the residence, there was no sign of where the smell was coming from nor was it the smell of burnt skin (which Officer Goode testified he was familiar with). Sergeants Gradwahl and Gunnarson also indicated they observed no indication of any fire or smoke, no indication of injury based upon their observations, and no sign of Plaintiff.

Taken collectively, none of the information known to Defendants on the night of November 14, 2020, gave them *any* reasonable objective indication that Plaintiff has sustained significant injuries or that he posed an imminent/immediate risk to himself or others. They also each testified that they did not have a (subjective) belief that Plaintiff was seriously injured that evening.  As they all testified, had Ms. Birdwell described the type of injury to Plaintiff's hands that she testified to in her deposition, it likely would have drastically changed their response. However, as the evidence and testimony clearly shows, that was not what Ms. Birdwell told either the officers or the dispatcher that night.

As Plaintiff has not produced evidence sufficient as a matter of law to establish the foreseeability element of his negligence claim, this matter should be dismissed accordingly.

**B.    There is No Evidence to Support a Jury to Find that Defendants' Actions on November 14, 2020 Were Unreasonable**.

Unreasonable conduct "is measured by what a reasonable person of ordinary prudence would, or would not, do in the same or similar circumstances." *Woolston v. Wells*, 297 Or. 548,

Page 6 –    DEFENDANTS' MOTION FOR DIRECTED VERDICT

557 (1984). Foreseeability of the harm and the reasonableness of the conduct are two distinct elements, and each must be independently proved. *Graham v. Multnomah County*, 158 Or. App. 106, 110 (1999).  In determining whether conduct is reasonable, the trier of fact is to consider the following factors: (1) likelihood of harm; (2) severity of the possible harm; (3) cost of action that would prevent the harm; and (4) defendant's position, including the defendant's relationship with the plaintiff. *Pickens v. U.S.*, 750 F.Supp.2d 1243, 1257 (D. Or. 2010) (quoting *Fuhrer*, 306 Or. at 439). As discussed at length above, there has been absolutely no evidence to show that based on the information known to the officers during the early morning of November 14, 2020, there was nothing inherently urgent, or emergent, about Plaintiff's condition.

To add to this, there has been no evidence that Defendants had a statutory duty to act on the night in question. Oregon law has been clear – officers are allowed discretion for them to make "value judgements and policy choices among competing goals and priorities." *Nearing v. Weaver*, 295 Or. 702, 710 (1983). Unless a statute eliminates this discretion, such as one which states an officer "shall" arrest, an officer's discretion remains the controlling decider in a situation. *See generally Nearing*, 295 Or. 702 (1983).

In this matter, based on the facts known to the Defendants while at the scene, there is no credible evidence that shows their actions were unreasonable. Here, all of the Defendants testified that based on the facts recited to them by Ms. Birdwell, there was no crime (much less any Oregon crime that necessitated a mandatory arrest). Plaintiff's own expert conceded that there was no evidence as to Plaintiff's mental state (or his intent) regarding the crime of menacing – the only crime which was mentioned throughout his testimony.  To add to this, Plaintiff himself testified he had no intent to menace Ms. Birdwell. Menacing (ORS 163.190) in Oregon requires evidence that a person, if by word or conduct, intentionally attempts to place another person in fear of

Page 7 –     DEFENDANTS' MOTION FOR DIRECTED VERDICT

imminent serious physical injury. No reasonable juror could find that there was probable cause for this offense.  As to the only other statute referenced by Plaintiff's expert in this case, the community caretaking statute, ORS 133.033, there is no competent evidence in this case that Defendants were obligated to enter Plaintiff's residence under this statutory authority either. Each Defendant testified that the facts they were aware of did not rise to the level required to enter a residence for community caretaking purposes, and Mr. Bercovici repeatedly conceded that he did not know or understand the legal contours of the community caretaking statute, so any opinion he had regarding the officers' obligation to enter under this authority can be given no weight by any reasonable juror. Furthermore, as to both menacing and community caretaking, Plaintiff's own expert conceded that both statutes **did not** impose any mandatory duty on Defendants to act that night; they are permissive, or a "may" act, not "shall" act statutes. Despite this, however, Officer Goode, Sgt. Gunnarson, and Sgt. Gradwahl made numerous efforts to contact Plaintiff and offered assistance to Plaintiff *for more than sixty minutes*. These efforts were made despite the Defendants not having any mandatory duty to engage in such actions. As Defendants were under no statutory authority to enter the residence that evening, as a matter of law, Defendants cannot be held liable to Plaintiff under their alleged theory of a failure to act under those statutes in their capacity as law enforcement officers.

Furthermore, even under the general foreseeability framework, the Plaintiff's theory of a pure failure to act by police—absent a specific obligation—does not generally satisfy the negligence standard, because the common law does not impose a general duty to rescue or intervene.  Recovery generally is not available for solely economic or emotional harm, and liability ordinarily does not extend to harm a defendant merely failed to intervene to prevent *when the defendant did not create the risk. See Stone v. Witt*, 2025 WL 3550536 (Or. Dec. 11, 2025).  Here,

Page 8 –    DEFENDANTS' MOTION FOR DIRECTED VERDICT

Plaintiff's evidence, even viewed in the light most favorable to him, at most amounts to a mere failure to intervene to prevent harm. Plaintiff has presented no evidence, nor can he, that Defendants *created* the risk which caused Plaintiff's harm.

Additionally, the evidence demonstrates that it was completely reasonable for the officers to balance the facts and circumstances with the laws/authorities applicable to them to determine an appropriate course of action. Ms. Birdwell had informed both dispatch and the Defendants that she believed that Plaintiff had ingested mushrooms. She reported erratic behavior, which Plaintiff's police expert (Mr. Bercovici) conceded could reasonably be perceived as violent or threatening. Defendants believed, based on their training and experience, that Plaintiff's altered mental state could provoke some kind of an altercation should they have entered Plaintiff's home, and the very limited information they had regarding a perceived minor injury did not warrant entry in light of that risk. A reasonably prudent law enforcement officer would have acted in the same or similar manner as the individual defendants under similar circumstances. In light of this and looking at the evidence on the record as whole, Plaintiff has failed to submit any evidence that shows any of the actions Defendants took were unreasonable. As a result, Plaintiff has failed to provide evidence sufficient to substantiate a claim of negligence and directed verdict should be granted.

### C.    Plaintiff Has Failed to Provide Sufficient Evidence to Show that Any of Defendants' Actions *Actually* Caused Plaintiff's Injuries.

In determining causation, under Oregon law, the critical question is whether the defendant's conduct was a "substantial factor in producing plaintiff's injury." *Simpson v. Sisters of Charity of Providence in Oregon*, 284 Or. 547, 555 (1978). In other words, "but for" the Defendants' conduct, would Plaintiff have been injured. *Joshi v. Providence Health System of Oregon Corp.*, 198 Or. App. 535, 539 (2005), *aff'd*, 342 Or. 152 (2006). Plaintiff conceded during pretrial motions that Defendants were not liable for any injuries which *preceded* their response to

Page 9 –    DEFENDANTS' MOTION FOR DIRECTED VERDICT

the 911 call (and a corresponding jury instruction on this will be given).  Defendants can only be found liable for harm that was incurred after they became involved, which, had any evidence to this effect been presented, would include injuries sustained subsequent or any aggravation of pre-existing (already sustained) injuries.

Plaintiff did not introduce *any* evidence during the presentation of his case which shows how Defendants caused Plaintiff's injuries as they were undisputedly self-inflicted and there is no evidence that contradicts the fact that Plaintiff's injuries were fully realized before any of the officers responded to the 911 call.  The only evidence in the record as to when the injuries were sustained was provided by Melissa Birdwell and Plaintiff.  The testimony of both, even when viewed in the light most favorable to plaintiff, demonstrates a single burn event which occurred prior to Plaintiff entering Ms. Birdwell's room and precipitating her call to 911 that evening.  Specifically, Plaintiff's testimony revealed he himself believed he sustained his serious injuries prior to Ms. Birdwell's 911 call when he came to in the fireplace after meditating, that he never lit another fire that evening, and that he does believe he sustained any injury after coming to in the fire.

None of the Plaintiff's witnesses, including himself and his experts, offered *any* testimony or evidence that: (1) delineates any (theoretical) injuries sustained after Ms. Birdwell called 911 which required immediate medical attention or would have affected his overall treatment or prognosis; (2) provided *any* evidence at all regarding an aggravation of Plaintiff's pre-existing injuries; (3) identify any complications in Plaintiff's care attributable to *Defendants actions*; or (4) any testimony at all distinguishing harm caused by the undisputed occurrence of injury prior to Ms. Birdwell's call to 911 from any theoretical and unsubstantiated harm purportedly occurring after Defendants cleared the scene that evening.

Page 10 –    DEFENDANTS' MOTION FOR DIRECTED VERDICT

Wood, Smith, Henning & Berman LLP
12755 SW 69th Avenue, Suite 100
Portland, Oregon 97223
Telephone: 971.256.4010 Fax:  971.275.1928

Without evidence that shows what, if any, injuries can be attributed to the Defendants acts or failure to act, Plaintiff has failed to establish an essential element of his negligence claim. All the testimony and evidence show that Plaintiff's burns were not caused as a result of anything that any of the Defendants did. Instead, the only adduced evidence shows that Plaintiff's injuries occurred *prior* to the Defendants arrival and there is no testimony regarding at exactly what time those injuries actually happened before their arrival. Additionally, not a single expert witness presented by Plaintiff offered any opinion(s) as to the timing of the injuries, whether there were multiple vs. single injury events, or offered any opinion delineating what, if any, care for Plaintiff's injuries could be attributed to Defendants or was care for (theoretical) injuries sustained after Defendants' response to the 911 call. Any assertion that Plaintiff was injured subsequently could only be guessed at and based upon the record in this case, could only be the by-product of speculation. Based on the clear guidance of Oregon caselaw, without such evidence, Plaintiff fails to prove a critical element of his negligence claim and thus should be dismissed.

DATED this 20th day of April, 2026

Wood, Smith, Henning & Berman LLP

By:  ___*s/ Lauren E. Nweze*___
Lauren E. Nweze, OSB No. 145218
Amanda J. Rockett, OSB No. 052401
Holly Winter, OSB No. 115596
Telephone: 971.256.4010
Facsimile: 971.275.1928

*Attorneys for Defendants City of West Linn, Matthew Goode, Dana Gunnarson, and Todd Gradwahl*

Page 11 –    DEFENDANTS' MOTION FOR DIRECTED VERDICT

## PROOF OF SERVICE

**Michael Austin Relloque, IV v. City of West Linn, et al.**
**Case No. 3:22-cv-01781-SI**

I am employed in the County of Washington County, State of Oregon. I am over the age of eighteen years and not a party to the within action. My business address is 12755 SW 69th Avenue, Suite 100, Portland, OR 97223.

On April 20, 2026, I served the following document(s) described as **DEFENDANTS' MOTION FOR DIRECTED VERDICT** on the interested parties in this action as follows:

### SEE ATTACHED SERVICE LIST

**BY CM/ECF NOTICE OF ELECTRONIC FILING:** I electronically filed the document(s) with the Clerk of the Court by using the CM/ECF system. Participants in the case who are registered CM/ECF users will be served by the CM/ECF system. Participants in the case who are not registered CM/ECF users will be served by mail or by other means permitted by the court rules.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on April 20, 2026, at Portland, Oregon.


_s/ Melanie Webb_
Melanie Webb


Page 1 –     DEFENDANTS' MOTION FOR DIRECTED VERDICT

<u>**SERVICE LIST**</u>
**Michael Austin Relloque, IV v. City of West Linn, et al.**
**Case No. 3:22-cv-01781-SI**

<u>**Attorneys for Plaintiff**</u>
Beth Creighton
Kristin R. Bell
Richard E. Oberdorfer
Creighton & Rose, PC
735 SW First Ave.
Suite 300
Portland, OR 97204
*beth@civilrightspdx.com*
*kristin@civilrightspdx.com*
*rich@civilrightspdx.com*

40966794.1:12544-0014

Wood, Smith, Henning & Berman LLP
12755 SW 69th Avenue, Suite 100
Portland, Oregon 97223
Telephone: 971.256.4010 Fax: 971.275.1928